### STATE ex CAMPBELL v LEONARD et
### STATE ex STANLEY v LEONARD et

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2252 & 2253.   Decided Jan 24, 1933

Harry F. Payer, Cleveland, for plaintiffs.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and Donald J. Hoskins, Prosecuting Attorney, Columbus, for defendants.

HORNBECK, J.

We have heretofore, in the case of **State of Ohio ex Clayton G. Huber, Relator v The Industrial Commission of Ohio, Defendant, No. 2116, Franklin County, unreported, (12 Abs 347),** decided January 26, 1932, held contra the contention of plaintiffs in the instant case. We are disposed to rely upon our decision in the Huber case.

It is true that there are propositions advanced in the brief of plaintiffs that we did not discuss in the opinion in the Huber case; but they are not convincing to us that we were in error.

The purport and intent of the statute, §871-40 GC, is to limit all legal action therein specified affecting the Industrial Commission, to the Supreme Court. The legislature has used strong language to express its purpose.

The only cause which would prevent the operation of the statute in the instant case would be the general provision of **Article 4, §6 of the Ohio Constitution,** which vests original jurisdiction in mandamus in the Court of Appeals. It is claimed that this general constitutional jurisdiction can not be taken away by legislative action. This is true if the constitutional jurisdiction is broad enough to clothe the court with authority to entertain mandamus action against the state and must be considered in conjunction with **Article 1, §16, Ohio Constitution,** that: "Suits may be· brought against the state in such courts and in such manner as may be provided by law."

The state created the Workmen's Compensation Fund and provided that it "shall be administered by the state." **Article 2, par. 35, Ohio Constitution.** The Industrial Commission being the body to carry out the constitutional mandate is the state. The action of mandamus would not lie against the state in any court without the express consent of the state which has been given to the extent provided by law. **Rodebaugh v State, 96 Oh St, 513.** The original general jurisdiction of the Court of Appeals in mandamus would not include such action against the state if not conferred by express authority of law. The court to which consent has been given by law (§871-40 GC) to ·hear and determine mandamus against the state is the Supreme Court. That jurisdiction is sole, specific and exclusive and controls against the general provision of **Article 4, §6, Ohio Constitution.** §871-40, GC, relates to the court and the manner in which the state may be required to answer a suit, and is declaratory of jurisdiction under **Article I, §16, Ohio Constitution.**

We, therefore, are of opinion, first, that §871-40 GC is constitutional; second, that it has application by exclusion to deny this court jurisdiction in the instant case. The motion will therefore be sustained.

ALLREAD, PJ, and KUNKLE, J, concur.